JOSHUA HOYLE & SONS, LTD., INC., ET AL. *v.* UNITED STATES
(No. 3799)[1]

United States Court of Customs and Patent Appeals, October 29, 1934

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellants.
*Joseph R. Jackson,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney, of counsel), for the United States.

[Oral argument October 4, 1934, by Mr. Place and Mr. FitzGibbon]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This appeal is from a judgment of the United States Customs Court overruling five protests of the importer in the matter of the classification for duty of certain cotton goods in the piece, imported at the port of New York. These were imported under the Tariff Act of 1930 and were classified for duty by the collector, in each instance, under the appropriate rates for cotton manufactures, as fixed by schedule 9 of said tariff act. An additional duty of 10 cents per pound was imposed upon all of said importations which contain cotton having a staple of 1⅛ inches or more in length, under the provisions of paragraph 924 of said schedule.

The importer protested in each case against the imposition of the additional rate under said paragraph 924, making several claims in its protests: First, that the imported goods were not articles within the meaning of said paragraph 924; second, that the staple of the cotton contained therein was not 1⅛ inches or more in length; and, third, that the rate of 10 cents per pound should be assessed only on the cotton contained in said imported cloth which had a staple of

---

[1] T. D. 47326.

1⅛ inches or more in length. The second and third grounds of protest were not urged or argued here and will not be further considered.

A stipulation was filed by the parties in the court below in and by which samples of the imported goods were introduced into the record, and in which it was agreed that "the cotton is in fact over 1⅛ inches in the amounts as returned and assessed." A stipulation also was entered into in and by which the appraised value of the items of merchandise was stated, and the amount of liquidation for each item was given. A further stipulation as to the amount of long-staple cotton contained in the goods covered by certain of the protests is also in the record.

It appears from the samples and papers that the imported goods are of various kinds, some colored, and all of which cover a wide range of cotton cloths. The principal article of importation is a gray woven cloth, used for the making of typewriter ribbons.

It is here contended by the importer that the language of paragraph 903 (a) of the Tariff Act of 1930 was intended to define what should be considered as an article such as is subject to an additional duty under said paragraph 924. These paragraphs are as follows:

PAR. 903. (a) The term cotton cloth, or cloth, wherever used in this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, and shall not include any article, finished or unfinished, made from cotton cloth.

PAR. 924. All the articles enumerated or described in this schedule (except in paragraph 922) shall be subject to an additional duty of 10 cents per pound on the cotton contained therein having a staple of one and one-eighth inches or more in length.

The imported material, being goods in the piece, is claimed, under this language, to not be an article, and, therefore, to not be subject to the additional duty of 10 per centum provided for by said paragraph 924.

In *Lussky, White & Coolidge, Inc.* v. *United States*, 21 C. C. P. A. (Customs) 201, T. D. 46727, this precise question was raised. In that case, the imported goods were cotton Jacquard-figured upholstery cloths in the piece, dutiable under paragraph 908 of said tariff act. It was contended there, as here, that said Jacquard-figured upholstery cloths did not constitute "articles" within the meaning of said paragraph 924, because of the provisions of said paragraph 903 (a). We were unable to agree with the construction there sought by the appellant, and affirmed a judgment of the trial court approving the imposition of such additional duty.

There seems to be nothing in the case now before us which calls for any different conclusion than that reached in the *Lussky* case. We can see no distinction in law between the construction to be given to the language "Tapestries and other Jacquard-figured upholstery

cloths" and the provisions for cotton cloth, as fixed by the various subdivisions of paragraph 904 of said act.

The judgment of the United States Customs Court is, therefore, *affirmed*.